B1 (Official Form 1) (12/11)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| **NORTHERN** DISTRICT OF **ILLINOIS** | |

| Name of Debtor (if individual, enter Last, First, Middle): **Weidig, Walter F.** | Name of Joint Debtor (Spouse)(Last, First, Middle): **Weidig, Darleen C.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **NONE** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): **NONE** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **4091** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **3820** |
| Street Address of Debtor (No. & Street, City, and State): **1210 Blackhawk Ave.** **McHenry, IL** ZIPCODE **60050** | Street Address of Joint Debtor (No. & Street, City, and State): **1210 Blackhawk Ave.** **McHenry, IL** ZIPCODE **60050** |
| County of Residence or of the Principal Place of Business: **Mchenry** | County of Residence or of the Principal Place of Business: **Mchenry** |
| Mailing Address of Debtor (if different from street address): **SAME** ZIPCODE | Mailing Address of Joint Debtor (if different from street address): **SAME** ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above): **NOT APPLICABLE** ZIPCODE | |

**Type of Debtor** (Form of organization)
(Check **one** box.)
- ☒ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business**
(Check **one** box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed**
(Check one box)
- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- ☐ Debts are primarily business debts.

**Chapter 15 Debtors**
Country of debtor's center of main interests:
_____
Each country in which a foreign proceeding by, regarding, or against debtor is pending:
_____

**Tax-Exempt Entity**
(Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter 11 Debtors:**
Check one box:
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000 .

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Offici al Form 3B.

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

B1 (Official Form 1) (12/11)                                                                                           FORM B1, Page   2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Walter F. Weidig and** **Darleen C. Weidig** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years          (If more than two, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| **NONE** | | |
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor          (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| **NONE** | | |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition | X  **/s/ Laurence A. Wilbrandt**                *03/15/2012* |
| | Signature of Attorney for Debtor(s)                          Date |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.

☒ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D, completed and signed by the debtor, is attached and made part of this petition.

If this is a joint petition:

☒ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)                                                                    FORM B1, Page   3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | *Walter F. Weidig and*<br>*Darleen C. Weidig* |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Walter F. Weidig*
Signature of Debtor

X */s/ Darleen C. Weidig*
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

*03/15/2012*
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed name of Foreign Representative)

_____
(Date)

### Signature of Attorney*

X */s/ Laurence A. Wilbrandt*
Signature of Attorney for Debtor(s)

*Laurence A. Wilbrandt 06192491*
Printed Name of Attorney for Debtor(s)

*Laurence A. Wilbrandt, ltd.*
Firm Name

*65 S. Virginia Street*
Address

*Crystal Lake, IL  60014*

*(815) 459-2721*
Telephone Number

*03/15/2012*
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110 (h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Walter F. Weidig*
   *and*
   *Darleen C. Weidig*

Case No.
Chapter   7

_____
               Debtor(s)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒　1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐　2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐　3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit briefing.**

☐   4.  I am not required to receive a credit counseling briefing because of:   *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐   Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐   Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐   Active military duty in a military combat zone.

☐   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   */s/ Darleen C. Weidig*

Date:   *03/15/2012*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Walter F. Weidig*                                                     Case No.
    *and*                                                                                                  (if known)
    *Darleen C. Weidig*

_____
               Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09)

☐　4.  I am not required to receive a credit counseling briefing because of:　　*[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐　Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐　Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐　Active military duty in a military combat zone.

☐　5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:　*/s/ Walter F. Weidig*

Date:　*03/15/2012*

FORM B6A (Official Form 6A) (12/07)

In re **Walter F. Weidig and Darleen C. Weidig**                    ,          Case No._____

Debtor(s)                                                    (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *1210 Blackhawk Ave., McHenry, IL* | *Husband and Wife* | J | *$ 199,900.00* | *$ 199,900.00* |
| | | | **TOTAL $** | *199,900.00* |

No continuation sheets attached

**TOTAL $**
**(Report also on Summary of Schedules.)**

In re _Walter F. Weidig and Darleen C. Weidig_ ,   Case No. _____

          Debtor(s)                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | | _Cash_<br>_Location: In debtor's possession_ | J | $ 75.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | _1st National Bank of McHenry Checking_<br>_Location: In debtor's possession_<br><br>_1st National Bank of McHenry Savings_<br>_Location: In debtor's possession_ | J<br><br>J | $ 125.00<br><br>$ 12.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | _Living Room, Dinette, & Bedroom sets;_<br>_Computer, 2 TVs (most over 20 years old)_<br>_Location: In debtor's possession_ | J | $ 1,500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | _Books, CDs, Misc_<br>_Location: In debtor's possession_ | J | $ 20.00 |
| 6.  Wearing apparel. | | _Clothing and Personal effects_<br>_Location: In debtor's possession_ | J | $ 400.00 |
| 7.  Furs and jewelry. | | _Costume Jewelry and watches_<br>_Location: In debtor's possession_ | J | $ 50.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | _Canon Digital Camera (5 years old), and_<br>_fishing equipment_ | J | $ 50.00 |

B6B (Official Form 6B) (12/07)

In re Walter F. Weidig and Darleen C. Weidig ,   Case No. _____
               Debtor(s)                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Location: In debtor's possession | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Prudential Insurance Policy #D46873336<br>Location: In debtor's possession | W | $ 196.00 |
| | | Prudential Insurance Policy #99795179<br>Location: In debtor's possession | W | $ 6,561.38 |
| | | Prudential Insurance Policy #D46643170<br>Location: In debtor's possession | H | $ 245.49 |
| | | Prudential Insurance Policy#D46155009<br>Location: In debtor's possession | H | $ 1,318.75 |
| | | Prudential Insurance Policy D46911076<br>Location: In debtor's possession | H | $ 1,804.24 |
| | | Prudential Insurance Policy #D46629923<br>Location: In debtor's possession | H | $ 1,480.56 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |

Page   2   of   4

B6B (Official Form 6B) (12/07)

In re **Walter F. Weidig and Darleen C. Weidig** _____,   Case No. _____

Debtor(s)   (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | *1993 Chrysler Lebaron (173,000 miles)* *Location: In debtor's possession* | J | $ 358.00 |
| | | *1999 Cadillac (145,000 miles)* *Location: In debtor's possession* | J | $ 1,948.00 |
| | | *2005 Hyundai Santa Fe (91,300 miles)* *Location: In debtor's possession* | J | $ 6,374.00 |
| | | *Honda Odyssey (Daughter's car in Debtors name, but daughter makes all payments)* *Location: In daughter's possession (Susan Murray)* | J | $ 19,047.00 |

B6B (Official Form 6B) (12/07)

In re __Walter F. Weidig and Darleen C. Weidig_____ ,   Case No. _____
         Debtor(s)                                                                          (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __4__ of __4__

Total ➤   $ 41,565.42

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

B6C (Official Form 6C) (04/10)

In re _Walter F. Weidig and Darleen C. Weidig_____ ,     Case No. _____
        Debtor(s)                                                              (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds $146,450.*

(Check one box)

☐ 11 U.S.C. § 522(b) (2)
☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| *Cash* | *735 ILCS 5/12-1001(b)* | $ 75.00 | $ 75.00 |
| *1st National Bank of McHenry Checking* | *735 ILCS 5/12-1001(b)* | $ 125.00 | $ 125.00 |
| *1st National Bank of McHenry Savings* | *735 ILCS 5/12-1001(b)* | $ 12.00 | $ 12.00 |
| *Household Furnishings* | *735 ILCS 5/12-1001(b)* | $ 1,500.00 | $ 1,500.00 |
| *Books, CDs, Misc* | *735 ILCS 5/12-1001(b)* | $ 20.00 | $ 20.00 |
| *Wearing Apparel* | *735 ILCS 5/12-1001(a)* | $ 400.00 | $ 400.00 |
| *Jewelry* | *735 ILCS 5/12-1001(a)* | $ 50.00 | $ 50.00 |
| *Digital Camera & Misc.* | *735 ILCS 5/12-1001(b)* | $ 50.00 | $ 50.00 |
| *Prudential Inssurance Policy* | *735 ILCS 5/12-1001(f)* | $ 196.00 | $ 196.00 |
| *Prudential Insurance Policy* | *735 ILCS 5/12-1001(f)* | $ 1,480.56 | $ 1,480.56 |
| *Prudential Insurance Policy* | *735 ILCS 5/12-1001(f)* | $ 1,804.24 | $ 1,804.24 |
| *Prudential Insurance Policy* | *735 ILCS 5/12-1001(f)* | $ 1,318.75 | $ 1,318.75 |
| *Prudential Insurance Policy* | *735 ILCS 5/12-1001(f)* | $ 245.49 | $ 245.49 |
| *Prudential Insurance Policy* | *735 ILCS 5/12-1001(f)* | $ 6,561.38 | $ 6,561.38 |
| *1993 Chrysler Lebaron* | *735 ILCS 5/12-1001(b)* | $ 358.00 | $ 358.00 |

Page No. __1__ of __2__

* Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6C (Official Form 6C) (04/10)

In re **Walter F. Weidig and Darleen C. Weidig** _____ ,   Case No. _____
_____Debtor(s)_____                                              (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

(Continuation Sheet)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| *1999 Cadillac* | *735 ILCS 5/12-1001(b)* | *$ 1,948.00* | *$ 1,948.00* |
| *2005 Hyundai Santa Fe* | *735 ILCS 5/12-1001(c)* | *$ 4,800.00* | *$ 6,374.00* |
|  | *735 ILCS 5/12-1001(b)* | *$ 1,574.00* |  |

Page No.___2___ of ___2___

* Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6D (Official Form 6D) (12/07)

In re Walter F. Weidig and Darleen C. Weidig                     ,      Case No. _____
                    **Debtor(s)**                                                                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: *1628*<br>*Creditor # : 1*<br>*American Honda Finance*<br>*2170 Point Blvd, Ste 100*<br>*Elgin IL 60123* | J | *06/2009*<br>*Auto Loan*<br><br><br>Value: *$ 19,047.00* | | | | *$ 19,047.00* | *$ 0.00* |
| Account No: *-179*<br>*Creditor # : 2*<br>*Prudential Insurance Co.*<br>*Customer Service Office*<br>*P.O. Box 7390*<br>*Philadelphia PA 19176* | W | *prior 1998*<br>*Prudential Insurance Policy*<br><br>Value: *$ 6,561.38* | | | | *$ 11,474.00* | *$ 4,912.62* |
| Account No: *3336*<br>*Creditor # : 3*<br>*Prudential Insurance Co.*<br>*Customer Service Office*<br>*P.O. Box 7390*<br>*Philadelphia PA 19176* | W | *01/2008*<br>*Prudential Inssurance Policy*<br><br>Value: *$ 196.00* | | | | *$ 4,130.00* | *$ 3,934.00* |

_1_  continuation sheets attached

Subtotal $ (Total of this page) | **$ 34,651.00** | **$ 8,846.62**

Total $ (Use only on last page)

(Report also on Summary of Schedules.)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

B6D (Official Form 6D) (12/07)   - Cont.

In re _Walter F. Weidig and Darleen C. Weidig_____,      Case No._____
                              **Debtor(s)**                                                                              **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: _3170_<br><br>Creditor # : 4<br>Prudential Insurance Co.<br>Customer Service Office<br>P.O. Box 7390<br>Philadelphia PA 19176 | W | 01/2008<br><br>Prudential Insurance Policy<br><br><br>Value: **$ 245.49** | | | | **$ 4,206.00** | **$ 3,960.51** |
| Account No: _1076_<br><br>Creditor # : 5<br>Prudential Insurance Co.<br>Customer Service Office<br>P.O. Box 7390<br>Philadelphia PA 19176 | H | 02/1999<br><br>Prudential Insurance Policy<br><br><br>Value: **$ 1,804.24** | | | | **$ 4,896.00** | **$ 3,091.76** |
| Account No: _5009_<br><br>Creditor # : 6<br>Prudential Insurance Co.<br>Customer Service Office<br>P.O. Box 7390<br>Philadelphia PA 19176 | H | 02/1999<br><br>Prudential Insurance Policy<br><br><br>Value: **$ 1,318.75** | | | | **$ 6,794.00** | **$ 5,475.25** |
| Account No: _9923_<br><br>Creditor # : 7<br>Prudential Insurance Co.<br>Customer Service Office<br>P.O. Box 7390<br>Philadelphia PA 19176 | H | 02/1999<br>Loan on Insurance Policy<br>Prudential Insurance Policy<br><br><br>Value: **$ 1,480.56** | | | | **$ 4,493.00** | **$ 3,012.44** |
| Account No: _4634_<br><br>Creditor # : 8<br>Wells Fargo Home Mortgage<br>P.O. Box 10335<br>Des Moines IA 50306 | J | 04/2004<br>Mortgage<br><br><br>Value: **$ 199,900.00** | | | | **$ 212,592.26** | **$ 12,692.26** |
| Account No: | | <br><br><br><br>Value: | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

|  | | |
|---|---|---|
| **Subtotal $** (Total of this page) | **$ 232,981.26** | **$ 28,232.22** |
| **Total $** (Use only on last page) | **$ 267,632.26** | **$ 37,078.84** |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6E (Official Form 6E) (04/10)

In re Walter F. Weidig and Darleen C. Weidig                                    ,        Case No._____
              **Debtor(s)**                                                                                      (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re Walter F. Weidig and Darleen C. Weidig                          ,                  Case No. _____
                        **Debtor(s)**                                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed.  R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   9691 Creditor # : 1 A T & T Universal Card P.O. Box 6500 Sioux Falls SD 57117 | | J | 10/1990 Consumer Purchase | | | | $ 17,681.98 |
| Account No:   5834 Creditor # : 2 Chase Line of Credit P.O. Box 24696 Columbus OH 43224 | | H | 04/1991 Line of Credit | | | | $ 50.00 |
| Account No:   1997 Creditor # : 3 Chase Card Services P.O. Box 15153 Wilmington DE 19886-5153 | | J | 12/1976 | | | | $ 9,329.87 |
| Account No:   1331 Creditor # : 4 Chase Card Services P.O. Box 15153 Wilmington DE 19886-5153 | | J | 11/1997 Consumer Purchase | | | | $ 6,704.81 |

_2_ continuation sheets attached

Subtotal $ | $ 33,766.66

Total $ |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Walter F. Weidig and Darleen C. Weidig_ ,   Case No. _____
               **Debtor(s)**   **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   9428<br>Creditor # : 5<br>Chase Card Services<br>P.O. Box 15153<br>Wilmington DE 19886-5153 | | W | 04/1996<br>Consumer Purchase | | | | $ 8,531.42 |
| Account No:   1073<br>Creditor # : 6<br>Chase Freedom Card<br>P.O. Box 15153<br>Wilmington DE 19886-5153 | | W | 12/1992<br>Consumer Purchase | | | | $ 14,937.40 |
| Account No:   1658<br>Creditor # : 7<br>Citi Cards<br>P.O. Box 6500<br>Sioux Falls SD 57117 | | J | 09/1996<br>Consumer Purchase | | | | $ 9,459.57 |
| Account No:   779<br>Creditor # : 8<br>Citibank/Citgo<br>P.O. Box 6401<br>Sioux Falls SD 57117 | | H | 01/1992<br>Consumer Purchase | | | | $ 1,074.58 |
| Account No:<br>Creditor # : 9<br>Cynthia Dragosh<br>1210 Darin Dr.<br>Lockport IL 60441 | | J | 2000<br>Personal Loan<br>from Daughter | | | | $ 7,500.00 |
| Account No:   1882<br>Creditor # : 10<br>Discover<br>c/o Capital Management Serv.<br>726 Exchange St., Ste. 700<br>Buffalo NY 14210 | | J | 04/1988<br>Consumer Purchase | | | | $ 4,783.29 |

Sheet No.   _1_ of   _2_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 46,286.26

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Walter F. Weidig and Darleen C. Weidig_ ,                    Case No. _____
          **Debtor(s)**                                                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: 1686 <br> Creditor # : 11 <br> Discover <br> P.O. Box 30943 <br> Salt Lake City UT 84130 | | H | 04/1988 <br> Consumer Purchase | | | | $ 11,342.38 |
| Account No: 4039 <br> Creditor # : 12 <br> Home Depot Credit Services <br> P.O. Box 790328 <br>   83179 | | W | 06/2009 <br> Consumer Purchase | | | | $ 383.07 |
| Account No: 5454 <br> Creditor # : 13 <br> IUOE Ultra Platinum MasterCard <br> c/o United Recovery Systems <br> 58 N. Course Dr. <br> Houston TX 77072 | | J | 04/1987 <br> Consumer Purchase | | | | $ 12,941.15 |
| Account No: 7801 <br> Creditor # : 14 <br> Leading Edge Recovery Solution <br> 5440 N. Cumberland Ave <br> Suite 300 <br> Chicago IL 60656-1490 | | J | 10/1998 <br> Credit Card Collection <br> Bank of America Credit Card | | | | $ 12,299.42 |
| Account No: 6816 <br> Creditor # : 15 <br> Walmart/GECRB <br> P.O. Box 530927 <br> Overland Park KS 30353-0927 | | J | 01/1993 <br> Consumer Purchase | | | | $ 557.48 |
| Account No: | | | | | | | |

Sheet No. _2_ of _2_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

|  | |
|---|---|
| Subtotal $ | $ 37,523.50 |
| Total $ | $ 117,576.42 |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

**B6G (Official Form 6G) (12/07)**

In re _Walter F. Weidig and Darleen C. Weidig_ _____ / Debtor        Case No. _____

                                                                                                          (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

In re _Walter F. Weidig and Darleen C. Weidig_ _____ / Debtor          Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

B6I (Official Form 6I) (12/07)

In re _Walter F. Weidig and Darleen C. Weidig_____ ,    Case No. _____
             **Debtor(s)**                                                               (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:<br>**Married** | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | RELATIONSHIP(S): | AGE(S): | |

| EMPLOYMENT: | DEBTOR | SPOUSE | |
|---|---|---|---|
| Occupation | | | |
| Name of Employer | | | |
| How Long Employed | | | |
| Address of Employer | | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
|     a. Payroll taxes and social security | | $ 0.00 | $ 0.00 |
|     b. Insurance | | $ 0.00 | $ 0.00 |
|     c. Union dues | | $ 0.00 | $ 0.00 |
|     d. Other (Specify): | | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | | $ 0.00 | $ 0.00 |
| 8. Income from real property | | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance | | | |
|     (Specify): _Social Security Benefits_ | | $ 1,886.00 | $ 726.00 |
| 12. Pension or retirement income | | $ 1,393.87 | $ 0.00 |
| 13. Other monthly income | | | |
|     (Specify): | | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | $ 3,279.87 | $ 726.00 |
| 15. AVERAGE MONTHLY INCOME    (Add amounts shown on lines 6 and 14) | | $ 3,279.87 | $ 726.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME:   (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $    4,005.87 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J(Official Form 6J)(12/07)

In re _Walter F. Weidig and Darleen C. Weidig_ _____,        **Case No.** _____
        **Debtor(s)**                                                                      (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22 A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,361.97 |
| a. Are real estate taxes included?    Yes ☒    No ☐ | | |
| b. Is property insurance included?    Yes ☒    No ☐ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 240.00 |
| b. Water and sewer | $ | 36.00 |
| c. Telephone | $ | 71.00 |
| d. Other    _Garbage Pick-up_ | $ | 34.23 |
| Other    _Cable & Internet_ | $ | 141.43 |
| 3. Home maintenance (repairs and upkeep) | $ | 37.00 |
| 4. Food | $ | 450.00 |
| 5. Clothing | $ | 40.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 194.00 |
| 8. Transportation (not including car payments) | $ | 217.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 20.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 162.35 |
| c. Health | $ | 227.00 |
| d. Auto | $ | 125.00 |
| e. Other | $ | 0.00 |
| Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other: | $ | 0.00 |
| c. Other: | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other: | $ | 0.00 |
| Other: | $ | 0.00 |
| | | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules | $ | 4,356.98 |
| and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: | | |
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a. Average monthly income from Line 16 of Schedule I | $ | 4,005.87 |
| b. Average monthly expenses from Line 18 above | $ | 4,356.98 |
| c. Monthly net income (a. minus b.) | $ | (351.11) |

**B6 Summary (Official Form 6 - Summary) (12/07)**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Walter F. Weidig and Darleen C. Weidig*

Case No.

Chapter  **7**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $ *199,900.00* | | |
| B-Personal Property | *Yes* | *4* | $ *41,565.42* | | |
| C-Property Claimed as Exempt | *Yes* | *2* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *2* | | $ *267,632.26* | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *1* | | $ *0.00* | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *3* | | $ *117,576.42* | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $ *4,005.87* |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *1* | | | $ *4,356.98* |
| TOTAL | | *17* | $ *241,465.42* | $ *385,208.68* | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re *Walter F. Weidig and Darleen C. Weidig*

Case No.

Chapter **7**

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ *0.00* |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ *0.00* |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ *0.00* |
| Student Loan Obligations (from Schedule F) | $ *0.00* |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ *0.00* |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ *0.00* |
| **TOTAL** | $ *0.00* |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ *4,005.87* |
| Average Expenses (from Schedule J, Line 18) | $ *4,356.98* |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ *1,393.87* |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ *37,078.84* |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ *0.00* | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ *0.00* |
| 4. Total from Schedule F | | $ *117,576.42* |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ *154,655.26* |

**B6 Declaration (Official Form 6 - Declaration) (12/07)**

In re *Walter F. Weidig and Darleen C. Weidig* _____     Case No. _____
                              Debtor                                                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____18_____ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: *3/15/2012* _____      Signature */s/ Walter F. Weidig* _____
                                                                              *Walter F. Weidig*

Date: *3/15/2012* _____      Signature */s/ Darleen C. Weidig* _____
                                                                              *Darleen C. Weidig*

                                                          [If joint case, both spouses must sign.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re: *Walter F. Weidig*
    *and*
    *Darleen C. Weidig*

Case No. 

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| *Year to date:$0.00* | *2012 - none* |
| *Last Year:$0.00* | *2011 - none* |
| *Year before:$28,292* | *2010 - W-2 wages,College of Lake County* |

---

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| *Year to date:$12,017.61* | *2012 - Pension and Social Security Benefits* |
| *Last Year:$68,337.08* | *2011 - Pension, Social Security Benefits, and IRA* |

AMOUNT

SOURCE

*Year before:$$34,765*

*distribution*
*2010 - Pension, Social Security Benefits, and IRA*
*distribution*

---

**3. Payments to creditors**

None ☐

Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| *Creditor: Wells Fargo Home Mortgage* *Address: P.O. Box 10335* *Des Moines, IA 50306* | *Jan, 2012* *Feb, 2012* *March, 2012* | *$2,361.97* *$2,361.97* *$2,361.97* | *$212,592.26* |

---

None ☒

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

---

None ☒

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☒

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Name:Leading Edge Recovery Solutions* *(for Bank of America Credit Card)* | *09/01/11* *09/22/11* *10/22/11* *11/22/11* | *Description:Wage Garnishment* *Value:09/01/11 - $1800* *& 6 payments of $150* |

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Address:5440 N. Cumberland Ave,Ste 300 Chicago, IL  60656* | *12/22/11 01/22/12 02/22/12* | |

---

### 5. Repossessions, foreclosures and returns

None ☒  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

---

### 6. Assignments and receiverships

None ☒  a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not  filed.)

---

None ☒  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

---

### 7. Gifts

None ☒  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 8. Losses

None ☒  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 9. Payments related to debt counseling or bankruptcy

None ☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement  of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Laurence A. Wilbrandt Address: 65 S. Virginia Street Crystal Lake, IL 60014* | *Date of Payment: 02/23/2012 Payor: Walter F. Weidig* | *$2,300.00* |
| *Payee:  Consumer Credit Counseling Address:400 Russel Ct.* | *Date of Payment:02/22/12 Payor:Walter Weidig* | *$75.00* |

Statement of Affairs - Page 3

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Woodstock, IL*

---

### 10. Other transfers

None ☐  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| *Transferee:  Prudential-Financial Inc.,*<br>*Address:  P.O. Box 43033,*<br>*Providence, RI 02940*<br>*Relationship:  None* | *01/10/12* | *Property:  173 shares of Prudential stock*<br>*Value:$9,087.64*<br><br>*See # 11 below* |

---

None ☒  b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

---

### 11. Closed financial accounts

None ☐  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| *Institution:Prudential Bank & Trust*<br>*Address:P.O. Box 5310*<br>*Scranton, PA* | *Account Type and No.:*<br>*IRA - CD #30083398*<br>*Final Balance:$2100.14* | *01/04/12* |
| *Institution: Prudential Bank & Trust*<br>*Address: P.O. Box 5310*<br>*Scranton, PA* | *Account Type and No.:*<br>*IRA - CD #30075816*<br>*Final Balance:$1099.52* | *09/06/11* |
| *Institution:Prudential Financial, Inc.*<br>*Computer Share*<br>*Address:P.O. Box 43033*<br>*Providence, RI  02940* | *Account Type and No.:*<br>*Stock - #C0026703042*<br>*Final Balance:$5,312.80* | *01/10/12* |
| *Institution:Prudential Financial, Inc.*<br>*Computer Share*<br>*Address:P.O. Box 43033*<br>*Providence, RI  02940* | *Account Type and No.:*<br>*Stock - #C0026973210*<br>*Final Balance:$3,774.84* | *01/10/12* |

### 12. Safe deposit boxes

None ☐

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| *Institution:First National Bank of McHenry Address:612 S. Route 31 McHenry, IL  60050* | *Name: Walter & Darleen Weidig Address: 1210 Blackhawk McHenry, IL  60051* | *Empty* | |

### 13. Setoffs

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 14. Property held for another person

None ☒

List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

None ☒

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

### 16. Spouses and Former Spouses

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

### 17. Environmental Information

None ☒

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor,
including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| None | | b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice. |
|---|---|---|
| ⊠ | | |

| None | | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |
|---|---|---|
| ⊠ | | |

## 18. Nature, location and name of business

| None | a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case |
|---|---|
| ⊠ | |

        If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

        If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

| None | | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101. |
|---|---|---|
| ⊠ | | |

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  *03/15/2012*                Signature   */s/ Walter F. Weidig*
                                  of Debtor

Date  *03/15/2012*                Signature   */s/ Darleen C. Weidig*
                                  of Joint Debtor
                                  (if any)

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Walter F. Weidig and Darleen C. Weidig*                Case No.
                                                              Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - HUSBAND'S DEBTS

**Part A -**  Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No. *1*

| Creditor's Name : | Describe Property Securing Debt : |
|---|---|
| *Prudential Insurance Co.* | *Prudential Insurance Policy* |

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt        ☐ Not claimed as exempt

Property No. *2*

| Creditor's Name : | Describe Property Securing Debt : |
|---|---|
| *Prudential Insurance Co.* | *Prudential Insurance Policy* |

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt        ☐ Not claimed as exempt

| Property No. *3* | |
|---|---|
| **Creditor's Name :**<br><br>*Prudential Insurance Co.* | **Describe Property Securing Debt :**<br><br>*Prudential Insurance Policy* |

Property will be (check one) :

☐ Surrendered ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt ☐ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| **Lessor's Name:**<br><br>*None* | **Describe Leased Property:** | ☐ Yes ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: *03/15/2012* _____     Debtor: */s/ Walter F. Weidig* _____

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Walter F. Weidig and Darleen C. Weidig*

Case No.

Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - WIFE'S DEBTS

**Part A -**  Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No.  *1*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Prudential Insurance Co.* | *Prudential Insurance Policy* |

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt    ☐ Not claimed as exempt

Property No.  *2*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Prudential Insurance Co.* | *Prudential Inssurance Policy* |

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt    ☐ Not claimed as exempt

| Property No. *3* |
|---|

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Prudential Insurance Co.* | *Prudential Insurance Policy* |

Property will be (check one) :

☐ Surrendered   ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☒ Claimed as exempt    ☐ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
| *None* | | ☐ Yes    ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: *03/15/2012*        Debtor: */s/ Darleen C. Weidig*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Walter F. Weidig and Darleen C. Weidig*

Case No.

Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - JOINT DEBTS

**Part A -**  Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. *1* |
|---|

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *American Honda Finance* | *2009 Honda Odyssey* |

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

**Part B -**  Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
| *None* | | ☐ Yes    ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: *03/15/2012* _____    Debtor: */s/ Walter F. Weidig* _____

Date: *03/15/2012* _____    Joint Debtor: */s/ Darleen C. Weidig* _____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re  *Walter F. Weidig*
         *and*
       *Darleen C. Weidig*

Case No.

Chapter  *7*

_____ / Debtor

Attorney for Debtor:  *Laurence A. Wilbrandt*

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in
        connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ *2,300.00*
    b)  Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $ _____ *2,300.00*
    c)  The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ *0.00*

3.  $ _____*306.00*_____ of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
        file a petition under title 11 of the United States Code.
    b)  Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
        court.
    c)  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and
        *None other*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
    be from earnings, wages and compensation for services performed, and
        *None other*

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
    the value stated:
        *None*

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
    law firm, any compensation paid or to be paid except as follows:
        *None*

Dated: *03/15/2012*                          Respectfully submitted,


                          X */s/ Laurence A. Wilbrandt* _____
Attorney for Petitioner: *Laurence A. Wilbrandt*
                          *Laurence A. Wilbrandt, ltd.*
                          *65 S. Virginia Street*
                          *Crystal Lake IL  60014*

                          *(815) 459-2721*
                          *r.wilbrandt@sbcglobal.net*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Walter F. Weidig*                                    Case No.
 *and*                                                     Chapter  **7**
 *Darleen C. Weidig*

_____ / Debtor

Attorney for Debtor:   **Laurence A. Wilbrandt**

## VERIFICATION OF CREDITOR MATRIX

   The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the

best of our knowledge.

Date: *03/15/2012*
_____                              **/s/ Walter F. Weidig**
                                              _____
                                              Debtor

                                              **/s/ Darleen C. Weidig**
                                              _____
                                              Joint Debtor

A T & T Universal Card
P.O. Box 6500
Sioux Falls, SD  57117

American Honda Finance
2170 Point Blvd, Ste 100
Elgin, IL  60123

Chase Line of Credit
P.O. Box 24696
Columbus, OH  43224

Chase Card Services
P.O. Box 15153
Wilmington, DE  19886-5153

Chase Freedom Card
P.O. Box 15153
Wilmington, DE  19886-5153

Citi Cards
P.O. Box 6500
Sioux Falls, SD  57117

Citibank/Citgo
P.O. Box 6401
Sioux Falls, SD  57117

Cynthia Dragosh
1210 Darin Dr.
Lockport, IL  60441

Discover
P.O. Box 30943
Salt Lake City, UT  84130

Discover
c/o Capital Management Serv.
726 Exchange St., Ste. 700
Buffalo, NY  14210

Home Depot Credit Services
P.O. Box 790328
  83179

IUOE Ultra Platinum MasterCard
c/o United Recovery Systems
58 N. Course Dr.
Houston, TX  77072

Laurence A. Wilbrandt
65 S. Virginia Street
Crystal Lake, IL  60014

Leading Edge Recovery Solution
5440 N. Cumberland Ave
Suite 300
Chicago, IL  60656-1490

Prudential Insurance Co.
Customer Service Office
P.O. Box 7390
Philadelphia, PA  19176

Walmart/GECRB
P.O. Box 530927
Overland Park, KS  30353-0927

Walter F. Weidig
1210 Blackhawk Ave.
McHenry, IL  60050

Darleen C. Weidig
1210 Blackhawk Ave.
McHenry, IL  60050

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA  50306